[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 11, 2006
THOMAS K. KAHN
CLERK

No. 06-10940
Non-Argument Calendar

_____

D. C. Docket No. 04-01573-CV-CA,-1

RANDY BROWN,

Petitioner-Appellant,

versus

WARDEN DWIGHT HAMRICK,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 11, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Randy Brown, a Georgia state prisoner proceeding *pro se*, appeals the

district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Because the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law, and because the decision was not based on an unreasonable determination of the facts in light of the evidence presented, Brown is not entitled to habeas relief. Accordingly, we affirm.

## BACKGROUND

Brown, who is serving a fifty-year sentence for various burglary and attempted rape offenses, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the district court alleging, *inter alia*, that his trial counsel was ineffective for failing to object to the submission of evidence of his prior convictions for rape and drug offenses to the jury. Brown claimed that his trial counsel was ineffective for allowing the state's exhibits, which were not in evidence, to go to the jury during deliberations. He also argued that his appellate counsel was ineffective for failing to challenge on direct appeal the trial court's improper submission to the jury of certified records of his prior convictions.

During the evidentiary hearing in Brown's state habeas proceeding, Brown's appellate counsel Michael Katz testified that he did not remember any issues concerning evidence that had not been admitted going to the jury. Tim Saviello, Brown's trial counsel, also did not recall any exhibits that had not been admitted

2

going to the jury. Saviello admitted that if records of Brown's prior crimes had been submitted to the jury, it would have had a significant impact on the case as Brown's credibility was at issue.

In denying his state habeas petition, the state court applied *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1980), as the standard for determining whether Brown's counsel was ineffective. The court found that Brown was competently represented during his trial and direct appeal. Furthermore, to the extent that his counsel may have erred, Brown failed to demonstrate prejudice. The state court only made a general finding as to the issue of counsel's effectiveness and did not address the specific claim that evidence had been improperly submitted to the jury.

In Brown's federal habeas case, the State supported its brief with Brown's trial transcript and exhibits. Included among the exhibits were certified records of: (1) a 1984 Georgia conviction for rape; (2) 1991 Georgia convictions for a drug violation and possession of a firearm during the commission of a crime; and (3) a 1991 Georgia conviction for the sale of cocaine. The reports of the convictions were labeled State's Exhibits Five, Six, and Seven, respectively.

According to the trial transcript, on the last day of Brown's trial, the trial court instructed the jury on the charges and then directed them to retire and elect a

3

foreperson. After the jury retired, counsel discussed exceptions to the jury charge and the condition in which the indictment would be sent back to the jury. The discussion concluded with one of Brown's counsel, Anna Blitz, stating: "At this time, we are sending back to the jury the indictment, the verdict form, defendant's exhibits 4, and 6, and 1, state's exhibits 1, 4, and 2." The court then sent the exhibits and indictment to the jury for deliberation. The jury convicted Brown of all counts. At sentencing, the government introduced its Exhibits Five, Six, and Seven, the certified records of Brown's convictions.

The federal magistrate judge found that the state court's conclusions that Brown's trial and appellate counsel were not ineffective was not contrary to federal law. Further, the magistrate found that Brown's counsel's performance was not constitutionally suspect. Though the state habeas court did not directly address the issue of the prior crimes evidence, the magistrate found that Brown only offered a conclusory allegation and did not point to any evidence that the documents had been submitted to the jury. The district court adopted the magistrate's report and recommendation over Brown's objection.

Brown moved for a certificate of appealability ("COA"), which the district court denied. This Court granted a COA on the issue of: "Whether counsel was ineffective, under the standard set forth in *Strickland v. Washington*, 466 U.S. 668,

4

687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984), for permitting the jury to be provided with documents regarding appellant's prior convictions, where the documents never were admitted into evidence during trial?"

## STANDARD OF REVIEW

We review a district court's grant or denial of a § 2254 petition *de novo*, while the court's factual findings are reviewed for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). Mixed questions of law and fact, including ineffective assistance of counsel claims, are reviewed *de novo*. *Id.*

Where a claim was adjudicated on the merits in state court, federal courts shall not grant habeas relief unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As we have explained:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. . . .
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts

5

of the petitioner's case.  An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context.  Notably, an "unreasonable application" is an "objectively unreasonable" application.

*Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted).

Finally, the state court's findings of fact "shall be presumed to be correct" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## DISCUSSION

Brown alleges that both his trial counsel and his counsel on direct appeal were ineffective when they failed to challenge the trial court's submission to the jury of records not admitted into evidence.  The Sixth Amendment provides that a criminal defendant shall have the right to the assistance of counsel.  U.S. Const. amend. VI.  When a convicted defendant claims that his counsel's assistance was ineffective, the defendant must show that (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.  "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence."  *Putman*, 268 F.3d at 1243.  Reviewing courts must be highly deferential when examining counsel's performance, and must

6

utilize the strong presumption that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315. Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The state court found that neither Brown's trial counsel nor his appellate counsel was aware of any deprivation of constitutional rights in Brown's trial. The state court further found that Brown's counsel competently and adequately represented Brown in his trial and on direct appeal. Applying *Strickland*, the state court concluded that Brown was afforded effective assistance of counsel at trial and on appeal.

The state court's decision was not contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). First, the state court correctly identified *Strickland* as the controlling law governing ineffective assistance of counsel claims. Second, Brown does not argue, and the

7

record does not suggest, that the facts of Brown's case are materially indistinguishable from the facts in *Strickland*. Third, the state court's decision that Brown's counsel was not deficient was not objectively unreasonable.

Both Brown's trial and appellate counsel testified that they were not aware of the improper introduction of evidence of Brown's past convictions. Further, Brown's trial transcript revealed that his counsel discussed which exhibits were admitted and were to be published to the jury during deliberations. The exhibits did not include the certified records of his convictions. Though the conviction records were attached to the transcript, there is no evidence that they were introduced any other time other than during Brown's sentencing hearing. As Brown did not establish that the jury considered the records of his prior convictions, he has not established that his counsel was defective for failing to object to the jury's consideration of his prior convictions. Because Brown did not demonstrate that his counsel was deficient under the first prong of *Strickland*, it is unnecessary to address the second prong, namely, whether his counsel's conduct prejudiced Brown's defense.

To the extent that Brown argues on appeal that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented," *see id*. § 2254(d)(2), Brown has not met his burden of proving that the

state court's finding that his counsel was competent was incorrect. As discussed above, the evidence in the record indicates that the jury did not consider the certified records of Brown's prior convictions during deliberations. On appeal, Brown does not present any evidence, much less clear and convincing evidence, that the state court's decision was incorrect. Based on the foregoing, Brown has not met his burden under 28 U.S.C. § 2254(d).

## CONCLUSION

Because the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law, and because the decision was not based on an unreasonable determination of the facts in light of the evidence presented, Brown is not entitled to habeas relief. Accordingly, we find no reversible error in the district court's denial of Brown's petition and affirm its decision.

**AFFIRMED**.